# 98 DTA 195

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON
## PANEL SUSTITUTO

### MARIANA ORTIZ BLANES
Peticionaria

v.

### MARK STERLING JOHNSON WOOD
Recurrido

San Juan, Puerto Rico, a 5 de agosto de 1998

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Salas Soler y Giménez Muñoz

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

**Hechos**

Los aquí litigantes se encuentran en trámite de divorcio ante el Tribunal de Primera Instancia, Sala Superior de Bayamón en Guaynabo, causa civil D5DI97281(201). Contrajeron matrimonio el 6 de septiembre de 1992 y en 1995 procrearon a Syra Talmage Johnson Ortiz, nacida el 14 de octubre de dicho año. Mientras el matrimonio tenía residencia en Atenas, Grecia, la demandante abandonó el hogar y junto a su hija se trasladó a Puerto Rico el 26 de junio de 1997.

La vista en su fondo se encuentra pautada para el mes de septiembre de 1998. Instancia ha tomado ya varias medidas *pendente lite*, respecto a pensión y relaciones paterno-filiales con relación a la menor Syra Talmage Johnson Ortiz. La menor se ha relacionado en varias ocasiones con su padre en Puerto Rico y entre las fechas del 13 al 28 de diciembre de 1997, junto a su padre, viajó fuera de Puerto Rico por 15 días a la casa de los abuelos paternos, sitos en el Estado de New Hampshire, E.U.

Al regreso de E.U. su madre alega que ésta demostró conducta diferente y extraña. Tenía pesadillas, dificultad en separarse de ella, se retraía de actividades con otros niños que antes conducía con normalidad y se resaltaba con facilidad, sobre todo ante ruidos extraños. Toda esta sintomatología le hacía hiperventilar, palidecer y demostrar miedo ante situaciones de la vida cotidiana que antes no le afectaban. Tales reacciones también provocaba que la niña recurriera de inmediato a la protección materna. La madre y los peritos presentados por ésta ante el foro de instancia entienden que la anterior visita paterno-filial por 15 días en el Estado de New Hampshire fue la causa de que la niña sufriera estos estragos emocionales, por razón de que a la tierna edad de apenas 1 año y 2 meses ésta no pudo entender que sólo se trataba de una temporera separación de su madre y por lo tanto se consideró abandonada por su progenitora. Dicho peritaje también informó que de regreso a Puerto Rico la menor manifestó, de múltiples formas, sufrir de lo que se ha diagnosticado como trastorno de estrés postraumático.

Ante ello, la recurrente solicitó de Instancia modificación en las relaciones paterno-filiales inmediatamente futuras. Estando ello en proceso ante Instancia y todavía pendiente el recibo de informes periciales en cuanto a los tres protagonistas de este traumático proceso, el 26 de mayo de 1998 el demandado, Sr. Mark S. Johnson, presentó ante el ilustrado foro de instancia moción urgente, que en su parte pertinente solicita lo siguiente:

*"14. Además el Sr. Johnson solicita al Honorable Tribunal relacionarse con su hija del 1ro. al 10 de agosto de 1998. Dicha relación paterno-filial ha de llevarse a cabo en la casa de los abuelos paternos.*

*15. El motivo para esta visita es la boda de la hermana del señor Johnson, la Dra. Elizabeth Johnson, madrina de la menor Syra T. Johnson.*

*16. Dicha ocasión es muy especial para la familia Johnson y en particular para la tía y madrina de la niña, ya que cuentan con la participación activa de Syra en la boda para llevar los anillos.*

*17. La parte demandada entiende que estando pendientes aún las evaluaciones psiquiátricas y psicológicas de las partes, puede que el Tribunal considere la petición prematura. No empece a todo esto, la parte demandada entiende que se trata de una situación extraordinaria y especial, por lo cual lo notifique con anticipación y espera que el Tribunal le de el peso y la consideración pertinente llegado su momento.*

*EN MERITO DE LO CUAL, muy respetuosamente se solicita de este Honorable Tribunal tome conocimiento de lo anteriormente expresado y declare CON LUGAR la presente moción."*

A dicha solicitud el foro adjudicador dictaminó un *"Ha Lugar"* el 8 de junio, notificado el 17 de junio de 1998. De tal dictamen la demandante en la acción de divorcio recurrió vía el *certiorari* de epígrafe e imputa la comisión del siguiente error:

*"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Bayamón en Guaynabo, al permitir la salida fuera de Puerto Rico de la menor por diez días, sin que concluyera la vista especial que se estaba llevando a cabo y en la que se estaba presentando prueba sobre el daño sufrido por ésta en viaje anterior por dieciséis días, y el daño irreparable que sufriría, ignorando de esta manera la evidencia aportada en claro menosprecio del mejor interés de la menor de dos años y medio."*

Examinado el extensísimo expediente del epígrafe, el 29 de julio de 1998 dictamos Resolución a los siguientes efectos:

*"Se recurre de resolución del Tribunal de Primera Instancia en la que se ordenó que la menor Syra Talmage Johnson Ortiz, nacida el 14 de octubre de 1995, hija de los aquí litigantes en proceso de divorcio, se traslade al Estado de New Hampshire por espacio de 10 días, comenzando el 1ro. de agosto de 1998 hasta el 10 de agosto, para relacionarse con su padre, Sr. Mark Sterling Johnson Wood, en la residencia de los abuelos paternos de la menor, toda vez que el padre actualmente tiene su residencia en Inglaterra.*

*Atendidos los señalamientos: (1) Declaramos con lugar la moción en auxilio de jurisdicción, por lo que se detiene la implementación de la resolución de Instancia y (2) Se concede a la parte recurrida término de diez (10) días, a partir de la notificación de la presente, para mostrar causa por la cual no debamos expedir para revocar."*

## Exposición y Análisis

La parte demandada recurrida ha comparecido y debemos resolver conforme a lo íntimado.

Surge de la totalidad del récord que para el 8 de junio de 1998, fecha en que se declaró el *"Ha Lugar"* recurrido, el ilustrado foro de instancia se encontraba en el proceso de recibir prueba, con propósito de estar en condición óptima para tomar la mejor determinación posible en garantía del mayor bienestar de la menor Syra Talmage. A la fecha de tal dictamen la menor apenas contaba con 2 años y 9 meses de edad. El asunto es altamente importante y muy significativo para el mejor bienestar, presente y futuro, de la menor. El planteamiento de la madre y sus peritos, al efecto de que el anterior viaje de la menor para compartir con su padre y familia paterna en el Estado de New Hampshire por 15 días en el mes de diciembre de 1997, le causó serios trastornos emocionales que alegadamente ameritan un diagnóstico de trastorno de estrés postraumático, --supuestamente debido a que a esa tierna edad la menor se consideró abandonada por su madre al no poder comprender que la separación

de ésta era temporera-- requiere que el foro de instancia tenga ante sí el máximo de acopio de datos, sobre todo de peritaje profesional, para poder entonces colocarse en la mejor posición para determinar la mejor forma y manera en que la menor habrá de relacionarse con su padre, inclusive con la familia paterna, sin que ello pueda significar un menoscabo en su salud emocional y física.

Lo ideal sería que los padres de la menor, con la valiosa ayuda de sus experimentadas representaciones legales y peritos, diseñen y establezcan un plan de relaciones paterno-filiales que garantice el mejor bienestar total de la menor, a la vez reconociendo la realidad que la niña le ha de tocar vivir ante la separación y próximo divorcio de sus progenitores. Dicho plan no ha de excluir, necesariamente, que la niña viaje fuera de Puerto rico para visitar a su padre y demás familiares paternos, con los cuales comparte lazos de sangre, emocionales y afectivos. Pero ello ha de requerir de las garantías necesarias para evitar la posibilidad de que experimente daños emocionales como los que todavía son parte de las alegaciones pendientes de adjudicar ante el foro sentenciador.

Luego que el hermano foro de instancia haga todo el acopio de toda la prueba que las partes interesen presentar y de aquella otra que el tribunal entienda que adicionalmente necesite, tales visitas paterno-filiales periódicas podrán estar auxiliadas por otras medidas cautelares, para que tal enriquecedora y necesaria experiencia de la menor con su padre y familia paterna no pueda quedar adversamente afectada por la forma y manera en que ello ocurra, mientras la menor cuente con tan poca edad. Visualizamos que estas medidas estarán diseñadas para permitir las relaciones paterno-filiales, dentro o fuera de Puerto Rico, sin que en ningún caso la niña de tan corta edad, deba perder por varios días todo contacto con su madre o con aquellas personas que en la actualidad forman parte de su cotidiano entorno social, el que ella reconoce y acepta como su normal ambiente de seguridad. Obviamente el factor edad y lo que ello significa en capacidad de entendimiento y perímetro de seguridad es ahora de mucha importancia y no puede ser ignorado en cualquier plan de relación paterno-filial.

En tal sentido, entendemos que el foro de instancia se precipitó al adjudicar este neurálgico asunto antes de concluir el trámite evidenciario a tal efecto en proceso. También erró al autorizar, con un "*Ha Lugar*", que la menor nuevamente se traslade de su actual entorno de seguridad conocida, al ambiente paterno y de la familia paterna, sin antes también haber acordado y ordenado las medidas cautelares necesarias para evitar que ello pueda ser mal entendido por la menor y sea capaz de causarle posible trastorno emocional. Tales relaciones paterno-filiales deben ser de la mejor calidad posible para que también sean del máximo provecho para la menor, libre de efectos secundarios nocivos y nunca deseados.

No queremos terminar sin antes hacer incapié que al margen del divorcio se encuentra Syra, totalmente inocente al respecto. Juntos o separados Syra tiene derecho a contar con padre, madre y familia en ambos lados. Ello es responsabilidad de todos los adultos en el litigio, no únicamente del juez. Si antes de que estas relaciones paterno-filiales puedan ser adjudicadas con máxima seguridad y garantía, para el mejor bienestar total de la menor, la madre puede lograr que Syra participe y luzca en la próxima boda de su madrina, sin que en este preciso momento y circunstancias se exponga al salir de la diaria custodia de su madre sin antes tomar las medidas cautelares necesarias, creemos que con ello se podría iniciar o reiniciar con buen paso todo el peregrinar que significa estas relaciones filiales, que por tantos años acompañará a todos.

Procede que dejemos sin efecto la resolución recurrida y ordenemos la continuación del trámite evidenciario ante el foro de instancia.

## Dictamen

Conforme a lo señalado, se revoca y deja sin efecto la resolución del 8 de junio de 1998, notificada el 17 de junio de 1998, que concedió un "*Ha Lugar*" a la moción urgente presentada el 26 de mayo de 1998 por el demandado, Sr. Mark S. Johnson Wood, autorizando el traslado de la menor Syra Talmage Johnson Ortiz a la casa de los abuelos paternos en el Estado de New Hampshire durante 10 días, comprendidos entre el 1ro. y 10 de agosto de 1998.

Una vez la presente advenga firme, revertirá el mandato al foro de Instancia y el trámite relativo a

establecer las relaciones paterno-filiales de la menor habrá de continuar, en forma compatible a lo aquí resuelto.

Notifíquese por fax/teléfono y correo ordinario a la brevedad posible.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General